**UNITED STATES of America,**
**Appellee,**

v.

**Edwin DAVIS, also known as Chucky,**
**Defendant–Appellant.**

**Docket No. 01–1521.**

United States Court of Appeals,
Second Circuit.

Oct. 2, 2002.

Philip Katowitz, Brooklyn, NY, for Appellant.

Eric T. Chaffin, Assistant United States Attorney (Alan Vinegrad, United States Attorney for the Eastern District of New York, Cecil C. Scott, Assistant United States Attorney, on the brief) Brooklyn, NY, for Appellee.

Present WALKER, Chief Judge, NEWMAN, and F.I. PARKER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant-appellant Edwin Davis appeals from the October 3, 2001 judgment of the district court convicting him, pursuant to a jury verdict, of one count of conspiracy to commit robbery and one count of robbery, both in violation of 18 U.S.C. § 1951. He was sentenced to 121 months of incarceration, which he is now serving, three years' of supervised release, and a $200 special assessment. On appeal, Davis argues that (1) the district court improperly admitted his post-arrest statements; (2) the remaining evidence supporting his conviction was insufficient; and (3) the district court improperly applied various enhancements and failed to grant a minor-role adjustment.

Davis argues that his post-arrest statements, in which he confessed to the robbery, should have been suppressed because he had been smoking marijuana and drinking the night of his arrest and thus could not have knowingly and intelligently waived his Miranda rights. We disagree. After a hearing, the district court denied Davis's motion to suppress his post-arrest statements, crediting testimony that Davis had been given *Miranda* warnings and had knowingly and voluntarily waived his rights. Reviewing the district court's findings of fact for clear error, *see United States v. Maldonado–Rivera*, 922 F.2d 934, 972 (2d Cir.1990), we find no error in the district court's determination that Davis's waiver was knowing and voluntary, and thus we affirm its decision to admit the statements.

Because we find that appellant's statements were properly admitted, there is no need to address appellant's second claim that, absent his post-arrest confession, the evidence was insufficient to support his conviction.

Appellant's third claim is that the court committed reversible error in its determination of sentencing enhancements. Specifically, Davis contends that the district court erred in its determination that the amount of loss in the robbery was $15,000, that it was foreseeable that the robbery would result in the discharge of a firearm, that the gunshot wounds inflicted upon two victims constituted serious bodily injury, and that Davis did not play a minor role. We disagree.

When considering sentencing appeals, we review the district court's findings of fact, including assessments of reasonable foreseeability, for clear error and "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *see also United States v. Molina*, 106 F.3d 1118, 1121 (2d Cir.1997) (determinations of reasonable foreseeability in sentencing reviewed for clear error). The district court determined the amount of loss from the testimony of two accomplices in the robbery and Davis's own post-arrest statements. It found that discharge of a weapon was foreseeable because the robbery was "a particularly violent attack on a public facility." It found that the victims' gunshot wounds to the chest, shoulder, and leg required medical intervention and thus constitute serious bodily injury. Whether or not medical intervention of the sort contemplated by U.S.S.G. § 1B1.1, comment (n.1(j)), occurred, the assault, which included pistol-whipping, clearly inflicted extreme physical pain that warranted the enhancement. Finally, the district court rejected Davis's request for a minor-role adjustment on the basis of evidence showing that Davis was a "voluntary and significant participant in the actual robbery." The district court's findings were not clearly erroneous. We find that the district court did not err in determining the amount of loss, that the discharge of a firearm was foreseeable, that the victims' gunshot wounds constituted serious bodily injury, and that Davis played more than a minor role in the offense.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**